UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHELSEY L. NICHOLAS                                         CIVIL ACTION

v.                                                          NO. 15-2622

RIVERSIDE ACADEMY                                           SECTION "F"

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to Riverside Academy's motion for summary judgment, noticed for submission on January 11, 2017, has been submitted.[1]

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[2] IT IS ORDERED:

---

[1] This is so notwithstanding the Court's Order dated December 7, 2016 in which the Court outlined the plaintiff's failure to cooperate in scheduling and appearing for her deposition, continued the trial schedule, and in which the Court admonished counsel for plaintiff that "[t]he January 3, 2017 deadline for filing any memorandum in opposition to the defendant's motion for summary judgment will not be extended. Failure to timely file opposition papers may subject plaintiff or her counsel to additional sanctions." See Order dtd. 12/7/16.

[2] Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of a claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must adduce competent evidence, including but not limited to sworn affidavits and depositions, to buttress her claims. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).

In its detailed motion for summary judgment, which is supported by its Statement of Uncontested Material Facts, the plaintiff's deposition testimony, as well as sworn declarations from Riverside's principal and board president, Riverside submits that summary judgment is proper based on two independent grounds. Considering the summary judgment standard, the applicable McDonnel Douglas burden shifting framework, and the record, Court agrees.

Riverside first submits that the plaintiff cannot establish a prima facie case of discrimination based on race under Title VII because she has no evidence that she was replaced by someone outside the protected group or that other similarly situated employees outside the protected class were treated more favorably. The plaintiff herself concedes in her deposition testimony that her teaching duties were assumed by an existing employee, Cornelius Corprew and her volleyball coaching duties were assumed by another existing employee, Margo Frederick.  Even if the plaintiff could show that she was replaced, which she has not done, the record indisputably shows that her primary job function was assumed by an employee of her same race, Corprew.  Additionally, the plaintiff has not shown that employees outside her protected class were treated more favorably.  She does not dispute that of the four staff members laid off in November 2014, three of them were white. She has failed to make out a prima facie case of discrimination or show that her layoff was a pretext for discrimination.  For this reason alone, summary judgment is warranted.

As a second and independent ground supporting summary judgment, Riverside submits that the plaintiff cannot and has not rebutted its legitimate, non-discriminatory reason for laying her off.  Again, the Court agrees.  Even if the plaintiff could establish a prima facie case, she has not carried her ultimate burden of persuasion by showing that Riverside's reduction in force was a pretext for discrimination.  Riverside has articulated a legitimate, non-discriminatory business reason for its decision to lay off the plaintiff:  a reduction in force driven by financial considerations. It has submitted evidence supporting this this financial motivation. The plaintiff offers no countervailing

that Riverside Academy's motion for summary judgment is hereby GRANTED as unopposed. The plaintiff's claims are hereby dismissed.

New Orleans, Louisiana, January 11, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

evidence to persuade the Court to second guess Riverside's personnel decision. Nor has the plaintiff submitted any evidence that might suggest that the plaintiff's termination had any connection to her race. Because the plaintiff has not shown that Riverside's reduction in force was a pretext for racial discrimination, summary judgment in Riverside's favor is warranted.

3